1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| RONALD MOORE, | Case No.  1:13-cv-01522-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | |
| E-Z-N-QUICK, | ECF NO. 12, 15 |
| Defendant. | |

17
18
19

On March 14, 2014, Plaintiff Ronald Moore ("Plaintiff") filed a motion for default judgment.  (ECF No. 15.)  The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. §636(b).

20
21
22
23

The hearing on Plaintiff's motion took place on April 23, 2014.  Attorney Tanya Moore appeared on behalf of Plaintiff.  Gurmail Hans and Lakhbir Hans, the owners of Defendant E-Z-N Quick ("Defendant"), were present at the hearing.  For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be granted.

24

## I.

25

## BACKGROUND

26
27
28

Plaintiff filed the complaint in this action on September 19, 2013.  (ECF No. 2.)  Plaintiff asserts a claim under the Americans with Disabilities Act ("ADA").  Plaintiff alleges that he is disabled and requires the use of a wheelchair for mobility.  Plaintiff further contends that

Defendant operates a business which is open to the public.  Plaintiff alleges that he encountered barriers that interfered with Plaintiff's use of Defendant's business facility.   Specifically, Plaintiff contends that the curb ramp was too steep and that the entrance door was too heavy.

On December 17, 2013, Plaintiff requested entry of default against Defendant.  (ECF No. 8.)  Defendant had not filed a responsive pleading or otherwise appeared in this action.  The Clerk of the Court entered default against Defendant the same day.  (ECF No. 9.)  Plaintiff now seeks default judgment against Defendant.

## II.

## LEGAL STANDARDS PERTAINING TO DEFAULT JUDGMENTS

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2)   **By the Court.**  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A)    conduct an accounting;
> (B)    determine the amount of damages;
> (C)    establish the truth of any allegation by evidence; or
> (D)    investigate any other matter.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008).  However, the complaint's factual allegations relating to the amount of damages are not taken as true.  Geddes, 559 F.2d at 560.  Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp., 549 F. Supp. 2d at 1236.  Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

/ / /

2

1    Entry of default judgment is committed to the Court's discretion.  <u>Eitel v. McCool</u>, 782

2    F.2d 1470, 1471 (9th Cir. 1986).  The Ninth Circuit has set forth the following factors for the

3    court is to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

8    <u>Id.</u> at 1471-72

9                                           **III.**

10                                    **DISCUSSION**

11   **A.      Appearance by Gurmail Hans and Lakhbir Hans**

12        Gurmail Hans and Lakhbir Hans, the owners of Defendant E-Z-N Quick, were present at

13   the hearing on the motion for default judgment and sought to argue against the merits of

14   Plaintiff's claim.

15        However, it does not appear that either Gurmail Hans or Lakhbir Hans are licensed

16   attorneys.  An artificial business entity, such as E-Z-N Quick, a California general partnership,

17   must be represented by a licensed attorney.  <u>Rowland v. California Men's Colony</u>, 506 U.S. 194,

18   201-202 (1993); <u>D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.</u>, 366 F.3d 972, 973-74

19   (9th Cir. 2004); Local Rule 183(a).  Non-licensed individuals such as Mr. and Mrs. Hans are

20   permitted to represent themselves pro se before this Court, but they cannot represent E-Z-N

21   Quick.  Accordingly, Mr. and Mrs. Hans' arguments cannot be heard on behalf of Defendant.

22        Moreover, at this stage in litigation, default has been entered against Defendant and

23   Defendant has not yet formally requested that the entry of default be vacated.  Default was

24   entered against Defendant because Defendant did not file an answer to Plaintiff's complaint or

25   file an appropriate response to Plaintiff's complaint.  In order to set aside the entry of default,

26   Defendant must demonstrate good cause.  <u>See</u> Fed. R. Civ. P. 55(c); <u>U.S. v. Signed Personal</u>

27   <u>Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1091 (9th Cir. 2010).  Since Defendant is

28   unrepresented and has not properly requested that the entry of default be set aside, the Court will

1  not consider Mr. and Mrs. Hans' arguments made during the hearing on the motion for default

2  judgment.

3       **B.    The Eitel Factors Weigh in Favor of Default Judgment**

4       As discussed below, consideration of the <u>Eitel</u> factors weighs in favor of granting default

5  judgment in this instance.

6           1.    <u>Prejudice to Plaintiff if Default Judgment is Not Granted</u>

7       If default judgment is not entered, Plaintiff is effectively denied a remedy for the

8  violations alleged in this action until such time as the defendants in this action decide to appear

9  in the litigation, which may never occur.

10          2.    <u>The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint</u>

11      The court is to evaluate the merits of the substantive claims alleged in the complaint as

12 well as the sufficiency of the complaint itself.  In doing so, the court looks to the complaint to

13 determine if the allegations contained within are sufficient to state a claim for the relief sought.

14 <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978).

15          a.    *Americans with Disabilities Act*

16      "An ADA plaintiff suffers a legally cognizable injury under the ADA if he is

17 'discriminated against on the basis of disability in the full and equal enjoyment of the goods,

18 services, [or] facilities ... of any place of public accommodation.' " <u>Chapman v. Pier 1 Imports</u>

19 <u>(U.S.) Inc.</u>, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)).  As relevant here,

20 discrimination is defined as "a failure to remove architectural barriers . . . where such removal is

21 readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

22      "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is

23 disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

24 or operates a place of public accommodation; and (3) the plaintiff was denied public

25 accommodations by the defendant because of [his] disability."  <u>Molski v. M.J. Cable, Inc.</u>, 481

26 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).  "To succeed on a ADA claim

27 of discrimination on account of one's disability due to an architectural barrier, the plaintiff must

28 also prove that: (1) the existing facility at the defendant's place of business presents an

architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive-In Restaurant, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000).

A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party.  Molski, 481 F.3d at 730.

Plaintiff alleges that he requires the use of a wheelchair in public and therefore he is "physically disabled" as defined by applicable California and federal law; the facility is a public accommodation facility which is open to the public, intended for non-residential use, and its operations affect commerce.  (Compl. at ¶¶ 8-9.)  Further, Plaintiff alleges that Defendants own, operate, or lease the facility and have sufficient control to make the modifications to remove impediments to wheelchair access.  (Compl. at ¶¶ 7, 14.)  This is sufficient to allege liability for failure to comply with the ADA.

Plaintiff visited Defendant's business on February 27, 2012.  (Compl. at ¶ 10.)  Plaintiff contends that he had difficulty maneuvering on the curb ramp because the slope was too steep. (Compl. at ¶ 10.)  Plaintiff also had difficulty opening the entrance door because it was too heavy.  (Compl. at ¶ 10.)  Plaintiff alleges that these barriers deter Plaintiff from visiting Defendant's business and that Defendant refuses to remove these barriers.  (Compl. at ¶ 12-14.)

These allegations are taken as true due to Defendants default, and Plaintiff has met his burden of stating a prima facie claim for discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

b.    *Unruh Act*

Plaintiff also brings a state law claim for violation of the Unruh Act.  The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  The Unruh Act also provides that no business shall discrimate against any person due to disability.  Cal. Civ. Code § 51.5(a).  A violation of the ADA also violates the Unruh Act.  Cal. Civ. Code § 51(f).  The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as

1  well as attorneys' fees.  Cal. Civ. Code § 52(a).  A litigant need not prove any actual damages to

2  recover statutory damages of $4,000.  Molski, 481 F.3d at 731.

3      As Plaintiff's claims state a cause of action entitling him to relief under the ADA,

4  Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

5      c.    *California Health and Safety Code*

6      Plaintiff brings state law claims for violation of the Health and Safety Code.  The

7  California Health and Safety Code requires that all public accommodations constructed in

8  California adhere to the requirements of Government Code § 4450.  Cal. Health & Safety Code §

9  19955(a).  Government Code § 4450(a) provides that "all buildings, structures, sidewalks, curbs,

10  and related facilities . . . shall be accessible to and usable by persons with disabilities."  The

11  California Health and Safety Code also provides that "[e]very existing public accommodation

12  constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the

13  requirements of this chapter when any alterations, structural repairs or additions are made to such

14  public accommodation."  Cal. Health & Safety Code § 19959.

15      In his complaint, Plaintiff incorporates the factual allegations and states that "the

16  [f]acility is a public accommodation constructed, altered, or repaired in a manner that violates

17  Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the

18  [f]acility was not exempt under Health and Safety Code § 19956."  (ECF No. 2 at ¶ 44.)

19  Although Plaintiff's pleading is largely boilerplate, the Court finds this claim is sufficiently pled

20  for the purpose of default judgment as it is sufficient to support the relief requested.

21      Plaintiff's complaint has sufficiently stated a cause of action for violations of the ADA,

22  Unruh Act, and California Health and Safety Code and the allegations appear to have merit.

23  Accordingly, these factors weigh in favor of granting default judgment.

24      3.    The Sum of Money at Stake in the Action

25      The sum of money at stake in this action also weighs in favor of default judgment.

26  Default judgment is disfavored where large amounts of money are involved or the award would

27  be unreasonable in light of the defendant's actions.  G & G Closed Circuit Events, LLC v.

28  Nguyen, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012).  In this

action, Plaintiff is seeking statutory damages, costs, and attorney's fees in the amount of $10,227.50.  This is not a large amount of money, nor does it seem unreasonable in light of the allegations contained in the complaint.  This factor weighs in favor of granting default judgment.

### 4.   The Possibility of a Dispute Concerning Material Facts

Due to the factual allegations in the complaint being taken as true upon Defendants' default, there are genuine of issues of material fact in dispute in this action.  Accordingly, this factor weighs in favor of granting default judgment.

### 5.   Whether the Default Was Due to Excusable Neglect

Defendants have failed to file a responsive pleading or oppose the motion for default judgment.  There is no evidence before the Court that this failure was due to excusable neglect.

### 6.   The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The policy favoring decisions on the merits always weighs against entering default judgment.  However, in this instance the factors favoring default judgment outweigh the policy favoring a decision on the merits.

### C.   Damages

#### 1.   Equitable Relief

Plaintiff seeks declaratory and injunctive relief under the ADA for the violations alleged in the complaint.  Plaintiff seeks a declaration that Defendant violated the ADA.  Based upon the allegations in Plaintiff's complaint, the Court finds and declares that Defendant violated the ADA.

Plaintiff also seeks an injunction requiring the removal of all architectural barriers to Plaintiff's access to the facility.  42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA.  42 U.S.C. § 12188(a)(2).  Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA.  Therefore an injunction should issue requiring Defendants to ensure that their curb ramp and entrance door are compliant with

1   applicable law as set forth in the ADA and Unruh Act.

2       2.   <u>Statutory Damages</u>

3       Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the

4   California statutes.  The Unruh Act provides for minimum statutory damages of $4,000 for each

5   violation.  Cal. Civ. Code § 52(a); <u>Grove v. De La Cruz</u>, 407 F.Supp.2d 1126, 1133 (C.D. Cal.

6   2005).  Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled

7   to statutory damages of $4,000.00.

8       3.   <u>Attorney Fees</u>

9       Plaintiff requests $6,227.50 in attorney's fees.  Pursuant to 42 U.S.C. § 12205, the party

10  that prevails on a claim brought under the ADA may recover reasonable attorney fees and cost at

11  the discretion of the Court.  "[U]nder federal fee shifting statutes the lodestar approach is the

12  guiding light in determining a reasonable fee."  Antoninetti v. Chipotle Mexican Grill, Inc., 643

13  F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted).  The Ninth Circuit

14  has explained the lodestar approach as follows:

15          The lodestar/multiplier approach has two parts.  First a court
16          determines the "lodestar" amount by multiplying the number of
        hours reasonably expended on the litigation by a reasonable hourly
17          rate.  <u>See</u> <u>D'Emanuele [v. Montgomery Ward & Co., Inc.</u>, 904 F.2d
        1379, 1383 (9th Cir. 1990)]; <u>Hensley [v. Eckerhart</u>, 461 U.S. 424,]
18          461 (1983).  The party seeking an award of fees must submit
        evidence supporting the hours worked and the rates claimed.  <u>See</u>
19          <u>Hensley</u>, 461 U.S. at 433.  A district court should exclude from the
        lodestar amount hours that are not reasonably expended because
20          they are "excessive, redundant, or otherwise unnecessary."  <u>Id.</u> at
        434.  Second, a court may adjust the lodestar upward or downward
21          using a "multiplier" based on factors not subsumed in the initial
        calculation of the lodestar. [footnote omitted] <u>See</u> <u>Blum v. Stenson</u>,
22          465 U.S. 886, 898-901 (1984) (reversing upward multiplier based
        on factors subsumed in the lodestar determination); <u>Hensley</u>, 461
23          U.S. at 434 n. 9 (noting that courts may look at "results obtained"
        and other factors but should consider that many of these factors are
24          subsumed in the lodestar calculation).  The lodestar amount is
        presumptively the reasonable fee amount, and thus a multiplier
25          may be used to adjust the lodestar amount upward or downward
        only in "'rare' and 'exceptional' cases, supported by both 'specific
26          evidence' on the record and detailed findings by the lower courts"
        that the lodestar amount is unreasonably low or unreasonably high.
27          <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean</u>
        <u>Air</u>, 478 U.S. 546, 565 (1986) (quoting <u>Blum</u>, 465 U.S. at 898-
28          901); <u>Blum</u>, 465 U.S. at 897; <u>D'Emanuele</u>, 904 F.2d at 1384, 1386;
        <u>Cunningham v. County of Los Angeles</u>, 879 F.2d 481, 487 (9th

8

Cir. 1989).

Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. Antoninetti, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the loadstar, but is required to provide a clear but concise reason for the fee award. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum, 465 U.S. at 896 (1984).

Plaintiff seeks attorney's fees computed using a $300.00 per hour rate for work by attorney Tanya E. Moore, $115 per hour for work by paralegal Marejka Sacks, $115 per hour for work by paralegal Whitney Law and $95 per hour for work by paralegal David Guthrie. The Court finds the requested rates to be reasonable. See Moore v. Ruiz, No. 1:11-cv-2159 LJO-GSA, 2012 WL 3778874, at *6 (E.D. Cal. Aug. 31, 2012).

The Court finds that the number of hours billed in this case is unreasonable given the nature of this case and Ms. Moore's experience in these types of actions. Ms. Moore states that she spent 1.4 hours on September 18, 2013 preparing the complaint and reviewing the file. Based upon the Court's familiarity with the actions filed by Ms. Moore's firm in this court, the Court is aware that this is basically a form complaint. The complaint filed in this action is nearly identical to complaints filed by Ms. Moore in dozens of other actions in this Court, with only the names of the parties and the allegations in paragraph ten changed to reflect the facts specific to this case. Whitney Law also billed .2 hours drafting the complaint and Mr. Guthrie billed .4 hours drafting the complaint. The Court finds that .5 hours of Ms. Moore's time is sufficient to draft the complaint and will therefore deduct .9 hours from Ms. Moore's time, .2 hours from Whitney Law's time and .4 hours from Mr. Guthrie's time.

Ms. Moore reported spending 1.7 hours preparing the motion for default judgment. Whitney Law reported spending 3.2 hours on the motion for default judgment. The motion for default judgment filed in this case is nearly identical to motions for default judgment filed by

Ms. Moore in other actions before this Court.  Accordingly, the Court finds that one hour of Ms. Moore's time and one hour of Whitney Law's time is sufficient to prepare the motion. Accordingly, the Court will deduct .7 hours from Ms. Moore's time and 2.2 hours from Whitney Law's time.

The Court also finds that the following billing entries for Ms. Moore are excessive and will reduce the time billed as follows:

| Date: | Description: | Time Billed: | Time Disallowed: |
|---|---|---|---|
| 09/19/13 | Communication from court: Civil Cover Sheet | 0.1 | 0.1 |
| 09/19/13 | Communication from court: Reviewed filing for accuracy: Complaint Asserting Denial of Right Access Under Americans with Disabilities and Summons | 0.1 | 0.1 |
| 09/20/13 | Communication from court: Civil New Case Documents Issued: Initial Scheduling Conference set for 1/7/2014 at 9:15 am. Reviewed calendar and revised tasks | 0.4 | 0.4 |
| 10/05/13 | Reviewed Summons: Summons Returned Executed: E-Z-N Quick served on 9/26/13 | 0.2 | 0.2 |
| 12/17/13 | Communication from court: Clerk's Entry of Default | 0.2 | 0.2 |

The entries identified above are either excessive or are clerical tasks that should not be billed at an attorney rate.  Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989); Sierra Club v. U.S. E.P.A., 625 F. Supp. 2d 863, 868 (N.D. Cal. 2007).  Moreover, some entries appear to be duplicative, such as Ms. Moore's billing for reviewing and calendaring the dates set in the initial scheduling conference order--a task also billed by her paralegal, Ms. Sacks.  Based upon the above, the Court will reduce Ms. Moore's hours billed by 0.8 hours.

The Court also finds that the following billing entries for Whitney Law are excessive and will reduce the time billed as follows:

| Date: | Description: | Time Billed: | Time Disallowed: |
|---|---|---|---|
| 12/17/13 | Receive notice of entry of clerk's default; note to file | 0.1 | 0.1 |
| 1/3/14 | Receive order continuing MSC; calendar new dates | 0.2 | 0.2 |

Based upon the above, the Court will reduce Whitney Law's hours billed by 0.3 hours.

In sum, based upon the foregoing, the Court will reduce Ms. Moore's billed hours by 2.4 hours, Whitney Law's billed hours by 2.7 hours, and Mr. Guthrie's hours by 0.4 hours.   The Court will award attorneys' fees as follows:

| | | |
|---|---|---|
| Ms. Moore | 9.2 hours x $300.00/hr | $2,760.00 |
| Ms. Sacks | 3.3 hours x $115.00/hr | $379.50 |
| Whitney Law | 3.4 hours x $115.00/hr | $391.00 |
| Mr. Guthrie | 3.3 hours x $95.00/hr | $313.50 |
| | Total: | $3,844.00 |

Plaintiff seeks $1,315.00 in costs, which includes the filing fee, service fees and an expert site inspection.  The Court finds these costs reasonable.  Accordingly, the Court will Accordingly, the Court will recommend that Plaintiff be awarded a total of $5,159.00 in attorney's fees and costs.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motion for default judgment be GRANTED;

2.      Plaintiff be awarded $4,000.00 in statutory damages;

3.      Plaintiff be awarded $3,844.00 in attorney's fees;

4.      Plaintiff be awarded $1,315.00 in costs; and

1         5.      An injunction issue ordering Defendant's to ensure that their curb ramps and entry

2               doors are compliant with the applicable law as set forth in the Americans with

3               Disabilities Act and the Unruh Act.

4         Furthermore, Plaintiff is HEREBY ORDERED to mail a copy of these Findings and

5   Recommendations to Defendant at Defendant's last known address.

6         These findings and recommendations are submitted to the district judge assigned to this

7   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

8   days of service of this recommendation, any party may file written objections to these findings

9   and recommendations with the Court and serve a copy on all parties.  Such a document should be

10  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district

11  judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

12  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

13  waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

14  1991).

15

16  IT IS SO ORDERED.

17    Dated:   **April 24, 2014**

                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28